# CHARLESTON.

Mrs. M. O. Carney *et als. v.* The Mortgage Security
Corporation of America, *et als.*

(No. 6474)

Submitted September 17, 1929.   Decided September 24, 1929.

*J. Raymond Gordon,* for appellants.
*Price, Smith & Spilman,* for appellees.

Hatcher, Judge:

The plaintiffs executed a deed of trust on certain real estate to Union Trust Company of Maryland and Kanawha Banking & Trust Company of the city of Charleston as Trustees, to secure the holder or holders of sixteen negotiable notes aggregating $9,000.00 which are referred to in the instrument as "principal notes" and to secure also the payment of $1,500.00 referred to as "a second and subordinate lien". Of the sixteen principal notes, fourteen were for $500.00 each and two were for $1,000.00 each. The notes were payable to bearer and matured at intervals of six months with interest from date, payable semi-annually. The interest was represented by coupon notes attached to the principal notes. Monthly installments of $117.00 were to be paid to Mortgage Security Corporation of America (the lender of about $9,000.00 to plaintiffs) and by it deposited with the Union Trust Company to the credit of the two trustees. The trus-

tees were to apply the installments "to the payment of said interest coupon notes when and as they severally mature, then to the payment of said principal notes," etc.

The plaintiffs made twenty-six of the monthly payments and then defaulted. Thereupon, the trustees advertised the real estate for sale. This suit was instituted and a temporary injunction awarded restraining the sale. The defendants named in the bill are, The Mortgage Security Corporation of America, The Union Trust Company of Maryland, Kanawha Banking and Trust Company, C. C. Redden and G. P. Williams. Redden and Williams are local brokers who negotiated the loan. The bill sought discovery of the money really lent the plaintiffs by The Mortgage Corporation. It alleged that the loan was usurious, and that all of the principal notes described in the deed of trust were held by the Mortgage Corporation. That company, answering, disclaimed the charge of usury, denied the material allegations in the plaintiffs' bill, and alleged, among other things, that the amount due under the deed of trust was not owing to it, but was owing to the several holders and owners (not named) of the notes.

The evidence of plaintiffs shows that they admit owing $7,583.43 on the principal notes as of August, 1928. The Mortgage Corporation took no depositions but waived in court any claim to the $1,500.00 item referred to in the deed of trust as the secondary lien. The corporation claimed that the balance due on the notes as of December 21, 1928, was the sum of $8,337.74. The difference in the amount admitted and that claimed is attributable largely, if not entirely, to different methods in applying the installments to the principal notes.

The court entered a decree in favor of the corporation for the amount it claimed was due, and directed that unless the plaintiffs should pay same to it, with interest, the real estate described in the trust deed should be sold.

The first question which confronts us is: are the holders of the notes before the court? Counsel contend that they are and point to the facts that the Mortgage Corporation lent the money to the plaintiffs; that the plaintiffs treated and

considered the corporation as the holder of the notes; that while the answer of the corporation denied ownership of the notes, it set up in effect that the corporation is the agent and trustee for the owners of the notes, and that such agency may be inferred from the entire case.

While the corporation did loan the money, the notes were payable to bearer. So the question is not, who loaned the money, but *who holds the notes?* The answer of the Mortgage Corporation was replied to generally, which put the defendant on proof as to its claim of agency and trusteeship. That claim was not sustained by showing payment of the installments to the corporation. That method of payment was arranged in the trust deed and of itself evidences no authority in the corporation to represent the holders of the notes. The denial by the answer of the allegation in the bill that the corporation holds the notes put the plaintiffs on proof of that allegation. The record is barren of such proof. Therefore the waiver of the $1,500.00 item by the corporation is ineffectual, a judgment in favor of the corporation is not warranted, and the decree of the lower court must be reversed.

It is suggested that if this cause again comes to a hearing, the difference between counsel as to the manner of calculating the amount due on the notes may be reconciled upon consideration of *Hurst* v. *Hite,* 20 W. Va. 183, *Lightfoot* v. *Price,* 4 H. & M. 431 (one of the first Virginia cases to state concisely the rule on the application of partial payments), 33 C. J., p. 250-1, and 15 R. C. L., p. 32, sec. 29.

*Reversed.*